## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEY HOFFMAN, | : | Civil No. 3:25-CV-02360 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JILLIAN CUFFARO, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Presently before the court is Plaintiff Joey Hoffman's complaint alleging

that the staff at Dauphin County Prison are denying him supplies necessary to

pursue his legal actions.  (Doc. 1.)  Plaintiff is a pro se litigant and is currently

housed at the Dauphin County Prison as a pretrial detainee for a parole violation.

(*Id*.)  The court will grant Plaintiff's motion to proceed *in forma pauperis*, screen

the complaint pursuant to 28 U.S.C. § 1915, dismiss the complaint without

prejudice for failing to state a claim upon which relief may be granted, and grant

Plaintiff the opportunity to amend his complaint.

### BACKGROUND

On December 9, 2025, the court received and docketed Plaintiff's complaint.

(Doc. 1.)  The complaint names the following four defendants: (1) Jillian Cuffaro

("Cuffaro"), Director at Dauphin County Prison; (2) William Weldon ("Weldon"),

Unit Manager at Dauphin County Prison; (3) Louis Rodriguez ("Rodriguez"),

Grievance Coordinator at Dauphin County Prison; and (4) Gregory Briggs

("Briggs"), Warden at Dauphin County Prison.  (Doc. 1, pp. 2–3.)[1]  Plaintiff's

alleged facts are contained in the following paragraph:

> I am indigent 14 months now and trying to get some free paper,
> envelopes other than indigent pack.  I ask for pro se status because I'm
> pro se in 4 civil cases in which I need the supplies for and am refused
> all and copies. Director Jill is denying all.

(*Id.*, p. 5.)  With respect to his injury, Plaintiff further alleged that he is trading

food off his tray for supplies.  (*Id.*)  Plaintiff brings the action under 42 U.S.C. §

1983 and alleges that defendants are violating the First, Fifth, Eighth, and

Fourteenth Amendments.  (*Id.*, p. 3.)

On December 9, 2025, the court entered an administrative order instructing

Plaintiff to pay the outstanding filing fee in full or file a motion to proceed *in*

*forma pauperis* within thirty days or the case would be dismissed.  (Doc. 3.)  On

December 29, 2025, the court received and docketed Plaintiff's motion to proceed

*in forma pauperis* and a certified prisoner trust account statement.  (Docs. 4, 5.)

The court will grant Plaintiff's motion to proceed *in forma pauperis*, screen

the complaint pursuant to 28 U.S.C. § 1915, and dismiss the complaint. The court

will grant Plaintiff leave to file an amended complaint curing the pleading defects

identified in this memorandum.

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

**JURISDICTION AND VENUE**

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred in Dauphin County, which is located in this district.  *See* 28 U.S.C. § 118(b).

**STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

### A. Claims Against Defendants Weldon, Rodriguez, and Briggs Will Be Dismissed.

Plaintiff is raising multiple constitutional claims under 42 U.S.C. § 1983. (Doc. 1.) To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well

4

established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Here, Plaintiff only names one defendant in the alleged facts by generally stating that "Director Jill is denying all." (Doc. 1, p. 5.) Therefore, without some alleged personal involvement on the part of Defendants Weldon, Rodriguez, and Biggs, all claims against them will be dismissed without prejudice.

**B. All Claims Against Defendant Cuffaro Will Be Dismissed.**

Turning to the claim that "Director Jill is denying all," nothing in this allegation supports a constitutional violation. The court acknowledges that Plaintiff's complaint references the First, Fifth, Eighth, and Fourteenth Amendments, but his allegations fail to raise a claim for which relief may be granted.

Asserting an actionable claim for denial of access to the courts under the First Amendment requires a prisoner to allege that (1) they "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim" and (2) they have no available remedy for the lost claim other than the present denial of access action. *Rivera v. Monko*, 37 F.4th 909, 915 (3rd Cir. 2022) (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3rd Cir. 2008)). Here, Plaintiff has not stated that he has lost a chance to

5

pursue a nonfrivolous underlying claim.  Instead, he alleges that he is currently

pursuing four civil actions and trading food for supplies.  Nothing in the alleged

facts speaks to the merits of the underlying claims.  Instead, Plaintiff specifically

alleges that Defendants state they are following the prison's handbook and that he

has been provided the indigent packet at the prison.  (Doc. 1, pp. 4–5.)   Since there

are no allegations concerning the merits of the underlying claims and no

allegations that Plaintiff has been prevented from pursuing such claims, the First

Amendment claim against Defendant Cuffaro will be dismissed without prejudice.

The court also finds that Plaintiff's Fifth Amendment claim fails as matter of

law because the Due Process Clause of the Fifth Amendment is inapplicable to

state officials, such as Defendant Cuffaro.  The Fifth Amendment provides, in

pertinent part, that "[n]o person shall be . . . deprived of life, liberty, or property,

without due process of law[.]"  *See* U.S. Const. amend. V.  The provisions of the

Fifth Amendment only concern, however, federal action, not state or private action.

*See, e.g., Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (stating that "[t]he

Due Process Clause of the Fifth Amendment prohibits the United States, as the

Due Process Clause of the Fourteenth Amendment prohibits the States, from

depriving any person of property without 'due process of law' "); *Nguyen v. U.S.*

*Cath. Conf.*, 719 F.2d 52, 54 (3d Cir. 1983) (stating that "[t]he limitations of the

[F]ifth [A]mendment restrict only federal governmental action and not the actions

of private entities" (citing *Public Utilities Commission v. Pollak*, 343 U.S. 451, 461 (1952)); *Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 929 n.5 (3d Cir. 2020) (unpublished) (noting that the district court had properly concluded that, because all of the named defendants were state and private officials and entities, the plaintiff could not pursue a Fifth Amendment claim against any of them because the Fifth Amendment's due process clause only "protects against federal governmental actions, not state actions").

Here, Defendant Cuffaro is an employee of the Dauphin County and not a federal employee. Thus, the court finds that this Fifth Amendment claim fails as a matter of law pursuant to 28 U.S.C. § 1915(e)(2). As such, the court will dismiss the Fifth Amendment claim with prejudice.

Plaintiff has also raised an Eighth Amendment claim. (Doc. 1, p. 3.) The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. Amend. VIII. The Eighth Amendment does not apply until an inmate has been both convicted of and sentenced for his crimes. *See Graham v. Connor,* 490 U.S. 386, 392 n. 6 (1989); *Hubbard v. Taylor,*399 F.3d 150, 164 (3d Cir. 2005). Thus, an inmate awaiting sentencing must look to either the Fifth Amendment's or the Fourteenth Amendment's Due Process Clause for protection. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). Therefore, the Eighth Amendment claim will be dismissed with prejudice.

Instead, the Due Process Clause of the Fourteenth Amendment governs

claims brought by pretrial detainees challenging their conditions of confinement.

*See Hubbard*, 399 F.3d at 166.  To establish a constitutional violation under the

Fourteenth Amendment, a pretrial detainee plaintiff would have to plausibly allege

that the challenged conditions of confinement amount to punishment.  *See Bell*,

441 U.S. at 538 ("In evaluating the constitutionality of conditions or restrictions of

pretrial detention that implicate only the protection against deprivation of liberty

without due process of law, we think that the proper inquiry is whether those

conditions amount to punishment of the detainee.").  Here, Plaintiff has made no

such allegations concerning punishment.  Therefore, all Fourteenth Amendment

claims will be dismissed without prejudice.

## CONCLUSION

For the above-stated reasons, the court will grant Plaintiff's motion to proceed *in forma pauperis*, file the complaint, and dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The court will grant Plaintiff leave to file an amended complaint to cure the above stated pleading defects.  Any amended complaint must be titled "Amended Complaint" and filed under the above captioned case number.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: January 5, 2026