## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEY HOFFMAN, | : | Civil No. 3:25-CV-02360 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JILLIAN CUFFARO, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### <u>MEMORANDUM</u>

Presently before the court is Plaintiff Joey Hoffman's motion to amend, proposed amended complaint alleging that the staff at Dauphin County Prison are denying him supplies necessary to pursue his legal actions, and motion for default judgment.  (Docs. 8, 8-1, 10.)  Plaintiff is a pro se litigant and is currently housed at the Dauphin County Prison as a pretrial detainee for a parole violation.  (*Id*.)  The court will grant Plaintiff's motion to amend, screen the proposed amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss the complaint, deem Plaintiff's motion for default judgment withdrawn, and grant Plaintiff a final opportunity to amend his pleading.

### BACKGROUND

On December 9, 2025, the court received and docketed Plaintiff's complaint.  (Doc. 1.)  The complaint names the following four defendants: (1) Jillian Cuffaro ("Cuffaro"), Director at Dauphin County Prison; (2) William Weldon ("Weldon"),

Unit Manager at Dauphin County Prison; (3) Louis Rodriguez ("Rodriguez"), Grievance Coordinator at Dauphin County Prison; and (4) Gregory Briggs ("Briggs"), Warden at Dauphin County Prison.  (Doc. 1, pp. 2–3.)[1]  Plaintiff's alleged facts are contained in the following paragraph:

> I am indigent 14 months now and trying to get some free paper, envelopes other than indigent pack.  I ask for pro se status because I'm pro se in 4 civil cases in which I need the supplies for and am refused all and copies. Director Jill is denying all.

(*Id.*, p. 5.)  With respect to his injury, Plaintiff further alleged that he is trading food off his tray for supplies.  (*Id.*)  Plaintiff brings the action under 42 U.S.C. § 1983 and alleges that defendants are violating the First, Fifth, Eighth, and Fourteenth Amendments.  (*Id.*, p. 3.)

On December 9, 2025, the court entered an administrative order instructing Plaintiff to pay the outstanding filing fee in full or file a motion to proceed *in forma pauperis* within thirty days or the case would be dismissed.  (Doc. 3.)  On December 29, 2025, the court received and docketed Plaintiff's motion to proceed *in forma pauperis* and a certified prisoner trust account statement.  (Docs. 4, 5.)

On January 5, 2026, the court entered a memorandum and order screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed the complaint for failure to state a claim for which relief may be granted.  (Docs. 6, 7.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

The court granted Plaintiff leave to file an amended complaint to cure the pleading defects in the original complaint.  (*Id*.)

On January 12, 2026, the court received and docketed Plaintiff's motion to amend the complaint and a proposed amended complaint.  (Docs. 8, 8-1.)  On January 27, 2026, the court received and docketed a supplement to the motion to amend, which reads as a brief in support of the motion.  (Doc. 9.)

The amended complaint names the same four defendants and alleges that Plaintiff wrote multiple request slips for extra paper, envelopes, and copies in furtherance of multiple civil actions and Defendant Cuffaro denied these requests. (Doc. 8-1.)  Plaintiff then discusses several of these request slips and denials filed while at Dauphin County Prison.  (*Id*., pp. 7–15.)  Based on the brief in support of the motion to amend, Plaintiff is attempting to raise a First Amendment access to court claim, a Fifth Amendment due process and equal protection claim, an Eighth Amendment cruel and unusual punishment claim, and a Fourteenth Amendment condition of confinement claim resulting in punishment.  (Doc. 9.)

On March 5, 2026, the court received and docketed an unsupported motion for default judgment.  (Doc. 10.)

The court had already granted Plaintiff leave to file an amended complaint in the order dismissing the original complaint.  (Doc. 7.)  Therefore, the motion to amend is superfluous.  Nonetheless, the court will grant the motion, file the

proposed amended complaint as a separate document, and screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The court will also deem Plaintiff's motion for default judgment withdrawn.

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred in Dauphin County, which is located in this district.  *See* 28 U.S.C. § 118(b).

### STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

**DISCUSSION**

**A. Claims Against Defendants Briggs and Weldon Will Be Dismissed.**

Plaintiff bases the alleged liability against Defendants Briggs and Weldon on their status as supervisors.  Plaintiff alleges that Defendant Briggs "is in charge of everyone who commit[t]ed the violations against me." (Doc. 8-1, p. 2.)  He also

5

alleges that Defendant Weldon "is the one above the Lib[e]rian whom rejected by pleas." (*Id.*)

Supervisory liability under § 1983 utilizes the same standard as municipal liability. *See Carter v. City of Philadelphia,*181 F.3d 339, 356 (3d Cir. 1999). A supervisor will only be liable for the acts of a subordinate if he fosters a policy or custom that amounts to deliberate indifference towards an individual's constitutional rights. *See Id. at* 357. To establish supervisory liability, a plaintiff must show that (1) a superior officer failed to employ a specific supervisory practice; (2) the existing custom created an unreasonable risk of injury in the absence of the specified supervisory practice; (3) the supervisor was aware that the risk existed; (4) the supervisor was indifferent to the risk; and (5) the underlying violation resulted from the failure to employ the supervisory practice. *Brown v. Muhlenberg Twp.,* 269 F.3d 205, 216 (3d Cir. 2005) (*citing Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir. 1989)).

Platiniff's amended complaint does not allege the facts necessary to establish supervisory liability against either Defendant Briggs or Weldon. Therefore, all claims against Defendants Briggs and Weldon will be dismissed without prejudice.

6

**B. Claims Against Defendant Rodriguez Will Be Dismissed.**

Plaintiff premises the liability against Defendant Rodriguez on his role in denying Plaintiff's grievances: "He is the one whom denied All my grievances and refused to hear my pleas." (Doc. 8-1, p. 2.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint is insufficient to support a § 1983 claim. "Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement." *Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3d Cir. 1988) (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *see also Brooks v. Beard*, No. 05-3196, 2006 WL 332547, 167 F. App'x 923, 925 (3d Cir. Feb. 14, 2006) (holding that a state prisoner's allegation that prison officials and administrators responded

7

inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).

### C. The First Amendment Access to Courts Claim Will Be Dismissed.

The crux of Plaintiff's amended complaint is that the staff at Dauphin County Prison violated Plaintiff's First Amendment right of access to the courts. (Doc. 8-1.)

Asserting an actionable claim for denial of access to the courts requires a prisoner to allege that (1) he "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim" and (2) he has no available remedy for the lost claim other than the present denial of access action. *Rivera v. Monko*, 37 F.4th 909, 915 (3rd Cir. 2022) (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3rd Cir. 2008)). Most significant is the nonfrivolous nature of the claim allegedly lost. The lost claim must be "more than hope" in order to be deemed nonfrivolous. *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).

At no point in the amended complaint does Plaintiff allege that he lost the chance to pursue any of his civil cases or that his civil cases have any merit. (Doc. 8-1, pp. 3–4.) Therefore, Plaintiff's First Amendment access to courts claim will be dismissed without prejudice.

**D. The Fifth Amendment Claim Will Be Dismissed With Prejudice.**

As it had done in the previous screening order, the court finds that Plaintiff's Fifth Amendment claim fails as matter of law because the Due Process Clause of the Fifth Amendment is inapplicable to state or county officials such as Defendants. The Fifth Amendment provides, in pertinent part, that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" *See* U.S. Const. amend. V. The provisions of the Fifth Amendment only concern, however, federal action, not state or private action. *See, e.g., Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (stating that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law' "); *Nguyen v. U.S. Cath. Conf.*, 719 F.2d 52, 54 (3d Cir. 1983) (stating that "[t]he limitations of the [F]ifth [A]mendment restrict only federal governmental action and not the actions of private entities" (citing *Public Utilities Commission v. Pollak*, 343 U.S. 451, 461 (1952)); *Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 929 n.5 (3d Cir. 2020) (unpublished) (noting that the district court had properly concluded that, because all of the named defendants were state and private officials and entities, the plaintiff could not pursue a Fifth Amendment claim against any of them because

9

the Fifth Amendment's due process clause only "protects against federal governmental actions, not state actions").

Here, Defendants are employees of the Dauphin County Prison and are not federal employees. Thus, the court finds that this Fifth Amendment claim fails as a matter of law pursuant to 28 U.S.C. § 1915(e)(2). As such, the court will dismiss the Fifth Amendment claim with prejudice.

**E. The Eighth Amendment and Fourteenth Amendment Claims Will Be Dismissed With Prejudice.**

Plaintiff has also raised an Eighth Amendment and Fourteenth Amendment claim. (Docs. 8-1, 9.) The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. Amend. VIII. The Eighth Amendment does not apply until an inmate has been both convicted of and sentenced for his crimes. *See Graham v. Connor,* 490 U.S. 386, 392 n. 6 (1989); *Hubbard v. Taylor,* 399 F.3d 150, 164 (3d Cir. 2005). Thus, an inmate awaiting sentencing must look to either the Fifth Amendment's or the Fourteenth Amendment's Due Process Clause for protection. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). Therefore, the Eighth Amendment claim will be dismissed with prejudice.

Instead, the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees challenging their conditions of confinement. *See Hubbard*, 399 F.3d at 166. To establish a constitutional violation under the Fourteenth Amendment, a pretrial detainee plaintiff would have to plausibly allege

10

that the challenged conditions of confinement amount to punishment.  *See Bell*, 441 U.S. at 538 ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.").  Here, Plaintiff has made no such allegations concerning punishment.  Therefore, all Fourteenth Amendment claims will be dismissed.

Plaintiff's Eighth and Fourteenth Amendment claims in the original complaint were dismissed for the exact same reasons.  (Doc. 6.)  Plaintiff did not cure the pleading defect in his amended complaint.  Therefore, the Eighth and Fourteenth Amendment claims will be dismissed with prejudice.

**F.  Plaintiff's Motion for Default Will Be Deemed Withdrawn.**

Also currently pending is Plaintiff's motion for default.  (Doc. 10.)  Plaintiff has not filed a brief in support of his motion.  Local Rule 7.5 states, in pertinent part, that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."

Plaintiff's motion was filed on March 5, 2026.  (Doc. 10.)  No supporting brief has been received.  Therefore, the court will deem the motion withdrawn.

11

**CONCLUSION**

For the reasons set forth above, the court will grant Plaintiff's motion to file an amended complaint and file the proposed amended complaint as a separate document on the docket.  The court will dismiss the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The court will grant Plaintiff a final opportunity to amend his pleading to cure the defects of the claims that have been dismissed without prejudice.  Any amended pleading will be titled "Second Amended Complaint" and will be filed under the above-captioned case number.  Failure to timely file an amended pleading will result in the complaint being dismissed with prejudice and the case being closed.  Additionally, the court will deem Plaintiff's motion for default withdrawn.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 20, 2026

12